IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FRED M. CARRINGTON,
Petitioner,

v.                                      Civil No. 3:19cv805 (DJN)

HAROLD W. CLARKE,
Respondent.

**MEMORANDUM OPINION**

This matter comes before the Court on Petitioner Fred M. Carrington's ("Petitioner")

Objections to Magistrate's Report and Recommendation ("Objections" (ECF No. 18)).

Petitioner, a Virginia inmate proceeding *pro se*, filed a petition for habeas corpus under 28

U.S.C. § 2254 ("§ 2254 Petition" (ECF No. 1)).[1]  Respondent Harold W. Clarke ("Respondent")

filed a Motion to Dismiss the Petition (ECF No. 12) and United States Magistrate Judge

Roderick C. Young recommended that the Court grant the Motion to Dismiss ("R&R" (ECF No.

17)).  Petitioner then filed his Objections.  For the reasons that follow, Petitioner's Objections

will be OVERRULED, Respondent's Motion to Dismiss will be GRANTED and the Report and

Recommendation will be ADOPTED.

## I.      Background

Petitioner was convicted in the Circuit Court of the City of Norfolk of Distribution of a

Schedule I or II Controlled Substance third or subsequent offense, Possession of a Schedule I or

II Controlled Substance with Intent to Distribute third or subsequent offense, and of Conspiracy

---

[1]      The Court employs the pagination assigned to parties' submissions by the CM/ECF
docketing system.  To the extent practicable, the Court corrects the punctuation, capitalization,
and spelling in any documents filed by the parties.

to Distribute a Schedule I or II Controlled Substance. (ECF No. 11–1 at 1.) The Circuit Court sentenced Petitioner to twenty-five years of incarceration for the above crimes. (*Id.* at 2.)

On October 30, 2019, Petitioner filed his § 2254 Petition, raising the following claims:

| | |
|---|---|
| Claim 1 | The arrest and search of Petitioner violated the Fourth Amendment. (ECF No. 1–1, at 1.) |
| Claim 2 | The evidence was insufficient evidence to support Petitioner's convictions for distribution of heroin third offense and conspiracy to distribute heroin. (*Id.*) |
| Claim 3 | The evidence was insufficient to support Petitioner's conviction for possession with intent to distribute heroin third offense. (*Id.*) |
| Claim 4 | The Circuit Court erred when allowed Detective Gillespie to testify as an expert in this case. (*Id.*) |
| Claim 5 | "Allowing the enhanced punishment for these said two charges violated" Petitioner's right under the Eighth and Fourteenth Amendments and "Clause I, Article I, Section 9, of the United States Constitution as well as the Virginia Constitution prohibiting ex post facto law." (*Id.*) |
| Claim 6 | Permitting Petitioner to be convicted of both possession with intent to distribute heroin third or subsequent offense and distribution of heroin third or subsequent offense violated the prohibition against multiplicity/duplicity and his rights under the Double Jeopardy Clause. (*Id.*) |

The Report and Recommendation thoroughly analyzed each claim. (R&R at 2-13.) In sum, it found that "Claim 1 is not cognizable on federal habeas, Claim 4 is procedurally defaulted, and Claims 2, 3, 5, and 6 lack merit." (R&R at 2.) Accordingly, the Report and Recommendation recommended that the Motion to Dismiss be granted and the Petition be denied. (R&R at 14.)

Petitioner then filed objections to the Report and Recommendation, rendering this matter ripe for review.

## II.    Standard of Review

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

## III.    Discussion

Petitioner raises five objections to the Report and Recommendation. (Obj. at 1-6.) The Court will examine each in turn.

In Objection A, Petitioner does not dispute that the Report and Recommendation correctly disposed of Claim 1 pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). Instead, he contends that the Court should consider Claim 1 as a claim that trial counsel was ineffective for failing to "properly litigate" his Fourth Amendment claim. (Obj. at 2.)

The Court need not entertain this entirely new claim of ineffective assistance of counsel raised for the first time in the Objections to the Report and Recommendation. *See Sample v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (affirming district court's refusal to entertain new claims of ineffective assistance of counsel raised for the first time in objections to a report and

3

recommendation).  Moreover, the Court declines to exercise its discretion to entertain Petitioner's inchoate claim that counsel was ineffective for failing to "properly litigate" his Fourth Amendment claim.  (Obj. at 2.)  At trial and on appeal, counsel argued that "the police seized him without reasonable, articulable suspicion he was engaged in criminal activity" and "the police searched him without either probable cause to arrest or search him."  (ECF No. 11–4 at 2.)  In his Objections, Petitioner fails to specify, as he must, how counsel's litigation of his Fourth Amendment claims was deficient.  *See Sample*, 860 F.3d at 275 (emphasizing that in federal habeas proceeding, "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error" (quoting Rules Governing Section 2254 Case, Rule 4 Advisory Comm. Note)).  Accordingly, Objection A will be OVERRULED.

In Objection B, Petitioner contends that insufficient evidence existed to support his conviction for conspiracy to distribute heroin.  Contrary to Petitioner's contention, neither the Report and Recommendation nor the Virginia courts relied upon any "manufactured facts." (Obj. at 4.)  Rather, as recounted by the Court of Appeals of Virginia and the Report and Recommendation, "[b]ecause Platt made contact with Gillespie within [Petitioner's] sight, and Platt immediately returned from Gillespie's vehicle with purchase money, the jury could rationally infer that [Petitioner] sold the heroin to Platt knowing that Platt intended to sell it illegally."  (R&R at 7 (citations omitted).)[2]  Accordingly, Objection B will be OVERRULED.

In Objection C, Petitioner disagrees with the Report and Recommendation's recommendation to dismiss Claim 4.  Petitioner, however, fails to identify any error with respect

---

[2]      As part of Objection B, Petitioner also objects to the conclusion that the evidence was sufficient to support his conviction for possession of heroin with intent to distribute.  Petitioner insists that he was an addict and possessed heroin for his personal use.  As explained in the Report and Recommendation, ample evidence supported the conclusion that Petitioner possessed heroin with the intent to distribute the same.

to the analysis in the Report and Recommendation. Accordingly, Objection C will be OVERRULED.

In Objections D and E, Petitioner essentially repeats his arguments as to why he believes he is entitled to relief with respect to Claims 5 and 6. Petitioner does not identify any error in the Report and Recommendation's analysis as to why these claims should be dismissed. Accordingly, Objections 5 and 6 will be OVERRULED.

## IV. Conclusion

The Court has reviewed the Report and Recommendation and agrees with the findings and recommendations therein. Accordingly, Petitioner's Objections (ECF No. 18) will be OVERRULED. The Report and Recommendation (ECF No. 17) will be ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 9) will be GRANTED. The action will be DISMISSED. A certificate of appealability will be DENIED.[3]

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

/s/

David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 14, 2020

---

[3]     An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter.